# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. WILBORN, | CASE NO. 11-cv-2252 - IEG (RBB) |
| Plaintiff, | **ORDER** |
| vs. | **(1) GRANTING DEFENDANT'S MOTION TO DISMISS** |
| JANET A. NAPOLITANO, in her official capacity as Secretary, Department of Homeland Security (Customs and Border Protection) Agency, | **(2) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE** |
| | [Doc. No. 10] |
| Defendant. | |

Presently before the Court is Defendant Janet A. Napolitano ("Defendant")'s motion to dismiss Plaintiff Harold L. Wilborn ("Plaintiff")'s complaint. For the reasons below, the Court **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiff is a veteran of the U.S. Navy and is currently employed by the U.S. Custom and Border Patrol law enforcement agency ("the Agency"), where he has worked for the last 23 years. [Doc. No. 1, Compl. ¶¶ 22, 51, 131, 157.] Plaintiff alleges that the Agency has failed to promptly and properly promote him on at least five occasions to the position of Supervisory Sector Enforcement Specialist. [Id. ¶¶ 1, 49, 138, 145.] Plaintiff also alleges that the Agency improperly disciplined him by suspending him for five days and that the Agency created a hostile work environment for him. [Id. ¶¶ 63-70, 77-81, 91-148, 174-210, Ex. 9.]

1    Plaintiff alleges that these adverse employment actions taken by the Agency were
2 motivated by discrimination based on Plaintiff's status as a veteran and discrimination based on
3 Plaintiff's race. [Compl. ¶¶ 1, 19-20, 34, 36, 56-57, 134, 151-73.] Plaintiff also alleges that the
4 procedures used by the Agency were unlawful, and that the Agency retaliated against him for
5 engaging in protected whistleblowing activity. [Id. ¶¶ 42, 71-75, 80-81, 211-16, 230-42.]

6    Plaintiff appealed his non-promotion, five-day suspension, and alleged hostile work
7 environment to the Merit Systems Protection Board ("MSPB") alleging that the Agency's actions
8 violated the Uniformed Services Employment and Reemployment Rights Act of 1994
9 ("USERRA"). [Compl. Ex. 1 at 1.] Plaintiff also alleged that his non-promotion violated the
10 Veterans Employment Opportunities Act of 1998 ("VEOA") because he did not receive a veterans
11 preference. [Id.]

12    On October 1, 2010, a MSPB administrative law judge ("ALJ") issued an initial decision
13 finding that Plaintiff's VEOA rights were violated and ordering the agency to "reconstruct the
14 hiring for the position." [Compl. Ex. 1, at 1-2 n.2.] However, the decision denied Plaintiff's
15 USERRA claims. [Id.] Plaintiff appealed the denial of his USERRA claims by filing a petition for
16 review by the Full Board. [Id. Ex. 1 at 2.] On March 31, 2011, the Full Board denied the petition
17 for review. [Doc. No. 10, Def.'s Mot. Ex. 1.][1] In the order denying the petition, the MSPB
18 informed Plaintiff of his right to seek further review with the Federal Circuit within 60 days. [Id.
19 Ex. 1 at 3.]

20    Rather than file a petition for review with the Federal Circuit, Plaintiff filed a petition for
21 review of the MSPB's decision with the Equal Employment Opportunity Commission ("EEOC").
22 [Compl. Ex. 1 at 1.] On August 25, 2011, the EEOC issued an order determining that it lacked
23 jurisdiction over Plaintiff's petition and denied Plaintiff's petition for review. [See id. Ex. 1.] The
24 EEOC order instructed Plaintiff that he had the right to file a civil action in the appropriate district
25 court within 30 days challenging the decision of the MSPB. [Id. Ex. 1 at 3; Compl. ¶ 7.]

26

---

27    [1] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the MSPB's final order because it is a matter of public record and part of the administrative record. See Lee v. City
28 of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Mack v. South Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir. 1986).

1   On September 28, 2011, Plaintiff, proceeding *pro se*, filed the present action against Defendant Janet A. Napolitano in her official capacity as the Secretary of the Department of Homeland Security alleging causes of action for (1) violations of the USERRA; (2) violations of the Civil Service Reform Act of 1978 ("CSRA"); (3) violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-1 *et seq.*; (4) violation of his Fifth Amendment rights to due process and equal protection; (5) violation of his First Amendment rights; and (6) slander. [Doc. No. 1, Compl.] By the present motion, Defendant seeks dismissal of all six of Plaintiff's causes of action. [Doc. No. 10, Def.'s Mot.]

**DISCUSSION**

**I.   Legal Standards for a Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 129 S. Ct. at 1949.

In addition, factual allegations asserted by *pro se* plaintiffs, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519-20 (1972). Nevertheless, and in spite of the deference the court is bound to pay to

- 3 -                              11cv2252

1  any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove
2  facts which [he or she] has not alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State</u>
3  <u>Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  Nor must the court "accept as true allegations
4  that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely
5  conclusory," require "unwarranted deductions" or "unreasonable inferences." <u>Sprewell v. Golden</u>
6  <u>State Warriors</u>, 266 F.3d 979, 988 (9th Cir.) (citation omitted), <u>amended on other grounds</u>, 275
7  F.3d 1187 (9th Cir. 2001); <u>see also</u> <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003) (court
8  need not accept as true unreasonable inferences or conclusions of law cast in the form of factual
9  allegations).

10  **II.     Plaintiff's USERRA Claims**
11      **A.     Jurisdiction**

12  Plaintiff brings several causes of action for violation of the USERRA.  [<u>Compl.</u> ¶¶ 151-
13  242, 263-290.]  Defendant argues that this Court lacks jurisdiction over Plaintiff's USERRA
14  claims because these claims can only be brought before the Federal Circuit.  [Doc. No. 10-1,
15  <u>Def.'s Mot.</u> at 3-5.]  In response, Plaintiff argues that this Court has proper venue and jurisdiction
16  over his USERRA claims.  [Doc. No. 11, <u>Pl.'s Opp'n</u> at 4-8.]

17  "USERRA forbids employment discrimination on the basis of membership in the armed
18  forces."  <u>Townsend v. Univ. of Alaska</u>, 543 F.3d 478, 482 (9th Cir. 2008) (citing 38 U.S.C. §§
19  4301(a)(3), 4311(a)).  An employer violates USERRA if an employee's membership or obligation
20  for service in the military is a motivating factor in an employer's adverse employment action taken
21  against the employee, unless the employer can prove that the action would have been taken in the
22  absence of such membership or obligation."  <u>Id.</u> (citing 38 U.S.C. § 4311(c)(1)).

23  38 U.S.C. § 4324 of the USERRA governs actions against federal executive agencies.  <u>See</u>
24  <u>Dew v. U.S. Dep't of Defense</u>, 192 F.3d 366, 372 (2d Cir. 1999), <u>cert. denied</u> 529 U.S. 1053
25  (2000); <u>Yates v. MSPB</u>, 145 F.3d 1480, 1483 (Fed. Cir. 1998).  Under section 4324(b), a person
26  who claims that a federal executive agency has failed to comply with the USERRA may submit a
27  complaint to the MSPB.  <u>Yates</u>, 145 F.3d at 1483.  "The Board is then required to adjudicate the
28  complaint."  <u>Id.</u> (citing 38 U.S.C. 4324(c)(1)).  If a person is adversely affected or aggrieved by a

1  final order of the MSPB, then that person may petition the Federal Circuit for review of the order
2  in accordance with the procedures set forth in 5 U.S.C. § 7703. See 38 U.S.C. § 4324(d)(1);
3  Yates, 145 F.3d at 1483.

4       Initially, Plaintiff properly brought his USERRA claims by proceeding before MSPB–first
5  before an ALJ and then before the Full Board–in accordance with section 4324(b). [Compl. Ex. 1
6  at 1-2.] However, rather than appeal the MSPB's final decision to the Federal Circuit, Plaintiff
7  appealed the decision to the EEOC, which determined it did not have jurisdiction over the appeal,
8  and then Plaintiff filed the present complaint in this Court. Under section 4324, only the Federal
9  Circuit has jurisdiction over Plaintiff's MSPB appeal, not this district court. See Jordan v. Choa,
10 2006 U.S. Dist. LEXIS 82561, at *15 (S.D. Cal. Nov. 13, 2006) ("'[B]ecause section 4324 does
11 not provide for another means of review, plaintiffs proceeding under it may not bring a federal
12 district court action.'").

13      In his opposition, Plaintiff makes several arguments for why this Court has jurisdiction
14 over his USERRA claims. First, Plaintiff argues that he is not appealing the MSPB's decision, but
15 rather, he is filing a new civil action bringing these claims. [Pl.'s Opp'n at 8.] "[S]ection 4324
16 does not authorize a private USERRA action against the Federal Government, as an employer, in
17 federal district court; rather it confers jurisdiction upon the Merit Systems Protection Board."
18 Dew, 192 F.3d at 372; accord. Jordan, 2006 U.S. Dist. LEXIS 82561, at *14-15. Therefore,
19 Plaintiff can only bring his USERRA claims in federal court by appealing a MSPB decision to the
20 Federal Circuit and not by filing a new civil action in district court. See id.; 38 U.S.C. § 4324(b).

21      Plaintiff next argues that "mixed claims" may be appealed from the MSPB to the
22 appropriate district court. [Pl.'s Opp'n at 8.] It is true that when the MSPB decides a "mixed case
23 appeal," that decision is appealable to the appropriate district court. See Sloan v. West, 140 F.3d
24 1255, 1260-61 (9th Cir. 1998) (citing 29 C.F.R. § 1614.310(b)). However, Plaintiff's MSPB
25 decision is not a "mixed case appeal." A "mixed case appeal" is when an action comes before the
26 MPSB that presents both an appealable non-discrimination claim coupled with a claim for
27 discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic
28 information, and the Board determines that it has jurisdiction over both claims. See id. at 1259-60;

1  29 C.F.R. § 1614.302(a)(2). Plaintiff's allegations and the exhibits attached to his complaint show
2  that the MPSB only exercised its jurisdiction over Plaintiff's VEOA and USERRA claims.
3  [Compl. Ex. 1 at 1-2.] The MSPB never addressed any claims of discrimination on the basis of
4  race, color, religion, sex, national origin, disability, age, or genetic information. [Id. Ex. 1 at 2-3
5  & n.3.][2] At the hearing, Plaintiff stated that he brought his allegations of race discrimination
6  before the MSPB. However, even assuming this were true, the MSPB could not have addressed
7  Plaintiff's Title VII race discrimination claims. The MSPB does not have jurisdiction over
8  traditional discrimination claims when the claimant's appeal is only based on USERRA and
9  VEOA violations rather than otherwise appealable agency action, such as removal or suspension
10 for greater than 14-days. See Downs v. Shinseki, 2009 U.S. Dist. LEXIS 54806, at *5 (M.D.
11 Tenn. Jun. 23, 2009); Swidecki v. Dep't of Commerce, 431 Fed. Appx. 900, 903 (Fed. Cir. 2011)
12 ("[T]he [MSPB] does not have jurisdiction under USERRA to adjudicate claims unrelated to
13 discrimination against a petitioner based on military status."). Because Plaintiff's appeal to the
14 MSPB contained only claims for violations of USERRA and VEOA, the MSPB did not have
15 jurisdiction over his Title VII race discrimination claims and properly did not address those
16 claims. Further, because the MSPB never addressed Plaintiff's claims of race discrimination,
17 Plaintiff's case is not a "mixed case appeal." See, e.g., Downs, 2009 U.S. Dist. LEXIS 54806, at
18 *5 ("[A] 'mixed case' cannot be premised on a pure USERRA or VEOA claim.").

19 Finally, Plaintiff argues that he has a right to bring his action in this Court because he
20 obtained a right to sue notice from the EEOC authorizing him to file the present action in the
21 appropriate district court. [Pl.'s Opp'n at 5-7; Compl. Ex. 1.] However, only Congress, not the
22 EEOC, can determine a lower court's subject matter jurisdiction. See Kontrick v. Ryan, 540 U.S.
23 443, 452 (2004). Therefore, Plaintiff's right to sue notice from the EEOC cannot expand the
24 limited grant of federal court jurisdiction Congress provided for by enacting 38 U.S.C. § 4324.
25 Accordingly, because Plaintiff's USERRA claims can only proceed in federal court through an
26 appeal to the Federal Circuit, the Court lacks jurisdiction over Plaintiff's USERRA claims and

---

28 [2] Although USERRA prohibits discrimination based on military status, that is not one of the types of discrimination that turns a MSPB appeal into a "mixed case appeal." See 29 C.F.R. § 1614.302(a)(2).

lacks jurisdiction to review the MSPB's decision.

### B.     Transfer to the Federal Circuit

The Ninth Circuit has explained that when a court has determined that it lacks jurisdiction to review a MSPB decision, it should dismiss the case or in the interest of justice transfer it. Hays v. Postmaster General of United States, 868 F.2d 328, 331 (9th Cir. 1989). Defendant argues that it would not be in the interest of justice to transfer this case to the Federal Circuit because Plaintiff's appeal would be untimely under 5 U.S.C. § 7703. [Def.'s Mot. at 4-5.] The Court agrees.

A petition for review to the Federal Circuit of a person's USERRA claims must be filed in accordance with the procedures set forth in 5 U.S.C. § 7703. See 38 U.S.C. § 4324(d)(1); Yates, 145 F.3d at 1483. 5 U.S.C. § 7703(b)(1) provides: "Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board."

The MSPB issued its final decision on March 31, 2011, and an electronic copy of that order was sent to Plaintiff on that same day. [Def.'s Mot. Ex. 1.] Plaintiff did not file the present complaint until September 28, 2011. [See Compl.] Therefore, Plaintiff's petition for review of the MSPB decision is untimely, see 5 U.S.C. § 7703(b)(1), and the Federal Circuit would dismiss Plaintiff's petition. See, e.g., Pinat v. Office of Personnel Mgmt., 931 F.2d 1544, 1546 (Fed. Cir. 1991).

Plaintiff does not attempt to argue that the 60-day deadline for filing his petition should be tolled. Indeed, Plaintiff would have a difficult time making such an argument, given that the MSPB's decision notified him about his right to petition the Federal Circuit for review and the 60-day deadline. [Def.'s Mot. Ex. 1.] See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (stating that for equitable tolling to apply, the claimant must exercise due diligence in preserving his legal rights).[3]

---

[3] The Court recognizes that the EEOC's order denying Plaintiff's petition for review might have been confusing because it instructed Plaintiff that he had 30 days to file a complaint with the appropriate district court. [Compl. Ex. 1 at 3.] However, the MSPB's order was issued on March 31, 2011, and it clearly stated that Plaintiff had 60 days to file a petition for review with the Federal Circuit. [Def.'s Mot. Ex. 1.] The EEOC's order was not issued until August 25, 2011, well after the

1    Plaintiff argues that there is no statute of limitation for bringing USERRA claims. [Pl.'s
2 Opp'n. at 8.] Even assuming this is true, this argument misunderstands the present issue. The
3 issue is not whether Plaintiff has complied with the statute of limitations for bringing his USERRA
4 claims, but whether he has complied with the requirement for timely appealing the MSPB's order
5 deciding his claims. Regardless of whether there is a statute of limitations for bringing USERRA
6 claims, Plaintiff was required to file his petition for review within 60 days after he received notice
7 of the MSPB's decision. See 5 U.S.C. § 7703(b)(1).
8    Finally, Plaintiff appears to argue that his petition was timely filed because he timely
9 appealed the MSPB's decision to the EEOC on April 30, 2011, citing 5 U.S.C. § 7702(f). [Pl.'s
10 Opp'n. at 6-7; see Compl. Ex. 1.] Section 7702(f) provides:

> In any case in which an employee is required to file any action, appeal, or petition under this section and the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the action, appeal, or petition as of the date it is filed with the proper agency.

14 5 U.S.C. § 7702(f). However, section 7703, not 7702, provides the procedural requirements for
15 Plaintiff's petition for review of the MSPB's decision on his USERRA claims. See 38 U.S.C. §
16 4324(d)(1); Yates, 145 F.3d at 1483. Therefore, section 7702(f) does not apply to his petition.
17 Accordingly, because it would not be the interest of justice to transfer this case since Plaintiff's
18 petition is untimely, the Court **DISMISSES WITH PREJUDICE** Plaintiff's USERRA claims.

19 **II.    Plaintiff's CSRA claims**

20    In the complaint, Plaintiff alleges that the Agency used unlawful promotion procedures and
21 retaliated against him for whistleblowing. [Compl. ¶¶ 41-42, 71-72, 230-35, 250-54.] Therefore,
22 Plaintiff appears to bringing a cause of action for violations of the CSRA. Defendant argues that
23 this Court does not have jurisdiction over Plaintiff's CSRA claims, and Plaintiff has not exhausted
24 his administrative remedies. [Def.'s Mot. at 8; Doc. No. 12, Def.'s Reply at 2-3.]
25    The CSRA creates a "remedial scheme through which federal employees can challenge
26 their supervisors' 'prohibited personnel practices.'" Orsay v. U.S. Dep't of Justice, 289 F.3d

---

28 60-day deadlines had passed. Therefore, Plaintiff cannot claim that he failed to comply with the deadline for filing his petition for review with the Federal Circuit based on the EEOC's order.

1125, 1128 (9th Cir. 2002) (quoting 5 U.S.C. § 2302). If the challenged conduct falls within the scope of the CSRA's "prohibited personnel practices," then the CSRA's administrative procedures are the employee's only remedy. Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2007). The CSRA does not provide a private cause of action. See Chrisanthis v. Nicholson, 2007 U.S. Dist. LEXIS 73737, at *10 (N.D. Cal. Sept. 25, 2007); Ercole v. Lahood, 2010 U.S. Dist. LEXIS 30908, at *47 (E.D.N.Y. Mar. 30, 2010); see also Elgin v. U. S. Dep't of the Treasury, 641 F.3d 6, 9 (1st Cir. 2011) ("[I]f the CSRA remedy is available and intended to be exclusive, it does not prescribe some administrative step required before resorting to district court, rather, the remedy displaces the plenary district court action entirely." (citation omitted)); Harrison v. Bowen, 815 F.2d 1505, 1513 (D.C. Cir. 1987) ("removed and reassigned employees do not have an implied right of action under the CSRA to enforce the prohibition against reprisals for whistleblowing, but must seek relief through the OSC because such reprisals constitute a 'prohibited personnel practice'").

Because the CSRA does not provide a private cause of action, Plaintiff's only recourse for remedying the alleged CSRA violations is through the CSRA's administrative procedures by filing a complaint with the Office of Special Counsel. See Saul v. United States, 928 F.2d 829, 833 (9th Cir. 1991). Plaintiff may not attempt to remedy these alleged violations by bringing a civil action in district court. See Chrisanthis, 2007 U.S. Dist. LEXIS 73737, at *10. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's CSRA claims.

### III.   Plaintiff's Title VII Claims

In the complaint, Plaintiff alleges that his non-promotion and other employment decisions were motivated by discrimination on account of his race. [Compl. ¶¶ 42, 134, 236] Therefore, Plaintiff appears to be bringing a cause of action for violations of Title VII. Defendant argues that this Court lacks jurisdiction over Plaintiff's Title VII claims, and Plaintiff has failed to exhaust his administrative remedies for those claims. [Def.'s Mot. at 8; Def.'s Reply at 2-3.]

Title VII of the Civil Rights Act of 1964 provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C.

1  § 2000e-2(a)(1). "In order to bring a Title VII claim in district court, a plaintiff must first exhaust
2  [his or] her administrative remedies." Sommatino v. United States, 255 F.3d 704, 707-08 (9th Cir.
3  2001) (citing 42 U.S.C. § 2000e-16(c)); accord. Sloan, 140 F.3d at 1259. To exhaust his
4  administrative remedies, the claimant must initially file a complaint with the Equal Employment
5  Office ("EEO") of his agency. Sloan, 140 F.3d at 1259. "Once the agency issues a final decision,
6  the complainant may file an appeal of the agency resolution with the Equal Employment
7  Opportunity Commission, or alternatively, file a civil suit in federal district court." Id.
8       Plaintiff has not shown in his allegations or in his exhibits that he ever filed a complaint
9  with the EEO office of his agency alleging Title VII violations. Plaintiff has only shown that he
10  appealed the agency's actions to the MSPB alleging violations of the USERRA and the VEOA.
11  [Compl. Ex. 1 at 1-2.] At the hearing, Plaintiff stated that he attempted to bring race
12  discrimination claims before the MSPB. However, as explained above, the MSPB did not have
13  jurisdiction over Plaintiff's Title VII claims and properly did not address those claims. See section
14  I.A. Further, although Plaintiff's appeal of the MSPB's decision to the EEOC contained
15  allegations that the Agency discriminated against him based on his race, the EEOC determined
16  that it did not have jurisdiction over Plaintiff's appeal and did not address Plaintiff's allegations.
17  [Compl. Ex. 1 at 2-3.] Plaintiff cannot exhaust his administrative remedies by filing an improper
18  appeal with the EEOC that is dismissed for lack of jurisdiction. See, e.g., Thomas v. Verizon,
19  2004 U.S. Dist. LEXIS 17576, at *14-15 (S.D.N.Y. Sept. 1, 2004). Although Plaintiff may have
20  attempted to bring his Title VII claims before these administrative bodies, Plaintiff never presented
21  his claims to the correct body, the EEO of his agency. "In cases where a plaintiff has never
22  presented a discrimination complaint to the appropriate administrative authority," the district court
23  does not have jurisdiction over Plaintiff's Title VII claims. Sommatino, 255 F.3d at 709.
24       A claimant can alternatively exhaust his Title VII claims by filing a "mixed case appeal"
25  with the MSPB rather than a complaint with the EEO. See Sloan, 140 F.3d at 1259-60. However,
26  Plaintiff did not bring a "mixed case appeal" to the MSPB. See section I.A. Because Plaintiff has
27  not exhausted his administrative remedies, the Court does not have jurisdiction over his Title VII
28  claims. See Sommatino, 255 F.3d at 707-08. Accordingly, the Court **DISMISSES WITHOUT**

**LEAVE TO AMEND** Plaintiff's Title VII claims.

## IV. Plaintiff's Constitutional Claims

Plaintiff brings two causes of action for violations of his Fifth Amendment and First Amendment rights. [Compl. ¶¶ 243-62.] Plaintiff alleges that the Agency discriminated against him based on his race in violation of the his equal protection rights under the Fifth Amendment. [Id. ¶¶ 243-44.] Plaintiff also alleges that the procedures used in suspending him for five-days violated the Due Process Clause of the Fifth Amendment. [Id. ¶¶ 245-49.] Finally, Plaintiff appears to allege that the Agency retaliated against him for engaging in whistleblowing activities in violation of the First Amendment. [Id. ¶¶ 255-56.]

Defendant argues that these constitutional claims are barred by the doctrine of sovereign immunity. [Def.'s Mot. at 5-6.] Defendant also argues that Plaintiff is precluded from bringing these claims because federal employment law is Plaintiff's exclusive remedy for challenging the Agency's adverse employment actions. [Id. at 6-7.] In response, Plaintiff argues that this Court has jurisdiction over his constitutional claims. [Pl.'s Opp'n. at 8-11.]

### A. Sovereign Immunity

The United States is a sovereign, and may not be sued for money damages without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). A suit for damages against federal officers or employees in their official capacity is essentially a suit against the United States and is therefore also barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The United States has not waived its sovereign immunity for actions seeking damages for constitutional violations. See Holloman v. Watt, 708 F.2d 1399, 1401-02 (9th Cir. 1983) (rejecting claimant's argument that sovereign immunity did not apply to his due process claim for damages when the federal defendants were being sued in their official capacity only); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984) (holding plaintiff's damages claim for violation of his Fourth Amendment rights against the United States was barred by sovereign immunity).[4]

---

[4] In Arnsberg, the Ninth Circuit recognized that actions brought under the takings clause of the Fifth Amendment are an exception to this principle. 757 F.2d at 980 n.7. However, that exception is not at issue in this case.

Plaintiff is suing Defendant in her official capacity as the Secretary of the Department of Homeland Security. [See Compl.] Therefore, Plaintiff's constitutional claims are barred by the doctrine of sovereign immunity to the extent Plaintiff is seeking damages. See Holloman, 708 F.2d at 1401-02; Arnsberg, 757 F.2d at 980. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's constitutional claims to the extent Plaintiff is seeking monetary damages.

However, claims for prospective relief, such as equitable actions for declaratory and injunctive relief, are not barred by the doctrine of sovereign immunity. See EEOC v. Peabody Western Coal Co., 610 F.3d 1070, 1085-86 (9th Cir. 2010). Therefore, Plaintiff's constitutional claims are not barred to the extent they seek prospective relief.

**B.    Preclusion**

The CSRA provides an elaborate framework for evaluating adverse personnel actions against federal employees. United States v. Fausto, 484 U.S. 439, 443 (1988). "It prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." Id. Therefore, the Ninth Circuit has found that the CSRA precludes federal employees from bringing constitutional claims for monetary damages arising from governmental personnel action even when the CSRA provides no alternative remedy for the employees. See, e.g., Saul, 928 F.2d at 840; Russell v. U.S. Dep't of the Army, 191 F.3d 1016, 1020 (9th Cir. 1999). However, the Ninth Circuit has also held that a plaintiff with no alternate avenue of review is not precluded by the CSRA from bringing constitutional claims seeking equitable relief. See Am. Fed'n of Gov't Employees Local 1 v. Stone, 502 F.3d 1027, 1037-39 (9th Cir. 2007).

To the extent Plaintiff is seeking equitable relief, Plaintiff's constitutional claims would only be barred by the CSRA if the CSRA provides Plaintiff with an avenue for seeking his requested relief. See Stone, 502 F.3d at 1037-39. Defendant provides no argument or analysis of whether Plaintiff could obtain the relief he is requesting through the CSRA. Therefore, Defendant has not sufficiently shown that Plaintiff's constitutional claims are precluded by the CSRA to the

1 extent Plaintiff is seeking equitable relief.[5]  Accordingly, the Court declines to dismiss Plaintiff's

2 constitutional claims to the extent he is seeking prospective relief on the grounds that these claims

3 are precluded by federal employment law.

### V.  Plaintiff's Slander Claim

Plaintiff appears to bring a causes of action for the common law tort of slander. [Compl. ¶ 258.]  Defendants argue that this claim is barred by the doctrine of sovereign immunity. [Def.'s Mot. at 6.]

The United States is a sovereign, and may not be sued for damages without its consent. Testan, 424 U.S. at 399; see also Gilbert v. DaGrossa, 756 F.2d at 1458 (explaining that a suit for damages against federal officers or employees in their official capacity is essentially a suit against the United States).  The Federal Tort Claims Act ("FTCA") provides such consent. Richardson v. United States, 943 F.2d 1107, 1113 (9th Cir. 1991).  The FTCA is the exclusive remedy for filing a tort action against a federal agency or officer. See 28 U.S.C. § 2679; Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992) ("The [FTCA] vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.").  However, the FTCA does not waive sovereign immunity for "[a]ny claim arising out of . . . slander . . . ." 28 U.S.C. § 2680(h); accord. Sabow v. United States, 93 F.3d 1445, 1456 (9th Cir. 1996).

Because the FTCA does not waive sovereign immunity for slander claims, Plaintiff's claim is barred by the doctrine of sovereign immunity. See Sabow, 93 F.3d at 1456; Wadel v. United States, 2010 U.S. Dist. LEXIS 68561, at *8-9 (S.D. Cal. Jul. 9, 2010) (dismissing slander claim as barred by section 2680(h)). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's slander claim.

///

///

---

[5] Although the issue was not addressed by Defendant, it appears likely that the CSRA does not provide an avenue of review for some of Plaintiff's claims and those claims would not be precluded by the CSRA. See, e.g., Mitchum v. Hurt, 73 F.3d 30, 34-36 (3d Cir. 1995) (Alito, J.) (cited by Stone, 502 F.3d at 1038) (finding plaintiff's first amendment claim for equitable relief concerning retaliation for whistleblowing was not precluded by the CSRA); D'Angelo v. Winter, 403 Fed. Appx. 181, 182 (9th Cir. 2010) (finding plaintiff's due process claim for equitable relief concerning his suspension was not precluded by the CSRA).

**VI.     Failure to Comply With Rule 8**

Defendant argues that any of Plaintiff's claims that are not dismissed for the reasons above should be dismissed for failure to meet Rule 8's pleading requirements. [Def.'s Mot. at 8-11.] The Court has dismissed with prejudice or without leave to amend all of Plaintiff's claims except for his constitutional claims to the extent he is seeking prospective relief, such as an injunction or declaratory relief.

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 also requires that each allegation be "simple, concise, and direct." Among the purposes of Rule 8 is to give defendants fair notice of the claims against them. Starr v. Baca, --- F.3d ---, 2011 WL 2988827, at *14 (9th Cir. July 19, 2011); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal of a complaint for failure to comply with Rule 8 is proper where the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1995).

Plaintiff's complaint is 75 pages long and consists of more than 300 paragraphs and is at times prolix, argumentative, vague, and redundant. [See generally Compl.] It is difficult to determine from the complaint what causes of action Plaintiff is attempting to bring and what factual allegations relate to those causes of action. With respect to Plaintiff's constitutional claims, the Court has explained that Plaintiff may only pursue these claims to the extent Plaintiff is seeking prospective relief. See section IV. However, it is not clear from Plaintiff's allegations whether he is even seeking prospective relief for his constitutional claims and what relief he is seeking. [See Compl. ¶¶ 243-62.] For example, Plaintiff's allegations related to his First Amendment claim only mention damages, [Id. ¶ 262], but at the hearing, Plaintiff stated that he is not seeking damages for any of his claims but was instead seeking some form of injunctive or declaratory relief. Plaintiff's vague allegations do not give Defendant fair notice of the claims Plaintiff is attempting to bring and the relief he is seeking. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's constitutional claims to the extent they seek prospective relief for failure to comply with Rule 8's pleading requirements.

1 **VII.  Motion to Strike Plaintiff's Prayer for Exemplary or Punitive Damages**

2      Defendant argues that the Court should strike Plaintiff's request for punitive damages
3 because they are not available in an employment action against a government agency.  [Def.'s
4 Mot. at 11.]  In his prayer for relief, Plaintiff requests punitive damages for Defendant's violations
5 of USERRA and Title VII.  [Compl. at 72.]  Because the Court dismisses Plaintiff's USERRA
6 claims with prejudice and Plaintiff's Title VII claims without leave to amend, the Court **DENIES**
7 Defendant's motion to strike as **MOOT**.

8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion to dismiss. Specifically, the Court:

1. **DISMISSES WITH PREJUDICE** Plaintiff's causes of action for violations of the USERRA, violations of the CSRA, and slander;

2. **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's cause of action for violations of Title VII;

3. **DISMISSES WITH PREJUDICE** Plaintiff's causes of action for violation of the First Amendment and the Fifth Amendment to the extent Plaintiff is seeking damages; and

4. **DISMISSES WITHOUT PREJUDICE** Plaintiff's causes of action for violation of the First Amendment and the Fifth Amendment to the extent Plaintiff is seeking prospective relief, such as injunctive or declaratory relief.

The Court **DENIES** Defendant's motion to strike Plaintiff's prayer for exemplary or punitive damages as moot.  Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above.  Plaintiff is cautioned his First Amended Complaint must be complete in itself, without relying on references to the original Complaint, and the First Amended Complaint should not contain claims that have been dismissed with prejudice or without leave to amend.  Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered waived.  See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

**DATED:** February 2, 2012

**IRMA E. GONZALEZ**
**United States District Judge**