# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. WILBORN,<br><br>            Plaintiff,<br><br>    vs.<br><br>JANET A. NAPOLITANO, in her official capacity as Secretary, Department of Homeland Security (Customs and Border Protection) Agency,<br><br>            Defendant. | CASE NO. 11-cv-2252 - IEG (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 24] |

Presently before the Court is Defendant Janet A. Napolitano ("Defendant")'s motion to dismiss Plaintiff Harold L. Wilborn ("Plaintiff")'s first amended complaint ("FAC"). [Doc. No. 24.] For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## BACKGROUND

Plaintiff is employed by the U.S. Customs and Border Patrol law enforcement agency ("the Agency") as a Supervisory Sector Enforcement Specialist. [Doc. No. 15, FAC Exs. 4-6.] On June 7, 2010, the Agency imposed a 5-day suspension on Plaintiff for unprofessional conduct. [Id. Ex. 6.] Specifically, another Supervisory Sector Enforcement Specialist alleged that Plaintiff pointed his finger at him, glared angrily, and stated "Don't cross me Mark!" and "Make sure you write all of this down, this has EEO all over it. You will be hearing from my lawyer and will probably end up in court." [Id. Ex. 4.]

1    In the FAC, Plaintiff alleges that the Agency's decision to suspend him for making these
2 remarks violated his First Amendment right to free speech. [FAC ¶¶ 22-23, 28-31.] Plaintiff also
3 alleges that the procedures used during the disciplinary process violated his Due Process rights.
4 [Id.¶¶ 34-51.] Specifically, Plaintiff alleges that the deciding official engaged in improper *ex parte*
5 communication, falsified the record, and did not consider certain factors in reaching his
6 determination. [Id.]

7    On September 28, 2011, Plaintiff, proceeding *pro se*, filed the present action against
8 Defendant Janet A. Napolitano in her official capacity as the Secretary of the Department of
9 Homeland Security alleging causes of action for (1) violations of the Uniformed Services
10 Employment and Reemployment Rights Act ("USERRA"); (2) violations of the Civil Service
11 Reform Act of 1978 ("CSRA"); (3) violations of Title VII of the Civil Rights Act of 1964 ("Title
12 VII"), 42 U.S.C. § 2000e-1 *et seq.*; (4) violation of his Fifth Amendment rights to due process and
13 equal protection; (5) violation of his First Amendment rights; and (6) slander. [Doc. No. 1,
14 Compl.] On February 2, 2012, the Court granted Defendant's motion to dismiss Plaintiff's
15 complaint. [Doc. No. 14.] Specifically, the Court dismissed with prejudice Plaintiff's causes of
16 action for violation of the USERRA, violations of the CSRA, and slander; dismissed without leave
17 to amend Plaintiff's cause of action for violation of Title VII; dismissed with prejudice Plaintiff's
18 causes of for violation of the First Amendment and the Fifth Amendment to the extent Plaintiff
19 was seeking damages; and dismissed without prejudice Plaintiff's causes of for violation of the
20 First Amendment and the Fifth Amendment to the extent Plaintiff was seeking prospective relief.
21 [Id. at 16.] The Court granted Plaintiff leave to file an amended complaint. [Id.]

22    On March 2, 2012, Plaintiff filed his FAC alleging causes of action for (1) violation of his
23 freedom of speech rights under the First Amendment; and (2) violation of his due process rights
24 under the Fifth Amendment. [FAC.] By the present motion, Defendant seeks to dismiss Plaintiff's
25 FAC. [Doc. No. 24.]
26 ///
27 ///
28 ///

# DISCUSSION

## I. Legal Standards for a Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 129 S. Ct. at 1949.

In addition, factual allegations asserted by *pro se* plaintiffs, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (citation omitted), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); see also Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual

allegations).

## II.     Previously Dismissed Claims

Plaintiff's FAC seeks both damages and prospective relief for his constitutional claims. [FAC ¶ 52.] In addition, Plaintiff's FAC makes reference to CSRA statutory provisions. [See, e.g., id. ¶¶ 16-17, 30-31, 52.] Defendant argues that Plaintiff's CSRA claims and constitutional claims for damages were previously dismissed with prejudice, and Plaintiff cannot re-allege these claims in his FAC. [Doc. No. 24-1 at 5-6.] The Court agrees.

In granting Defendant's motion to dismiss Plaintiff's original complaint, the Court properly dismissed with prejudice Plaintiff's constitutional claims to the extent he was seeking damages as barred by the doctrine of sovereign immunity and precluded by the CSRA. [Doc. No. 14 at 11-12.] In addition, the Court properly dismissed with prejudice Plaintiff's cause of action for violations of the CSRA because the CSRA does not provide a private cause of action. [Id. at 8-9.] Therefore, to the extent Plaintiff is attempting to re-allege claims for violation of the CSRA or constitutional claims seeking damages, these claims should again be dismissed with prejudice. Accordingly, the Court again **DISMISSES WITH PREJUDICE** Plaintiff's constitutional claims for damages and any claim Plaintiff may be attempting to bring under the CSRA.

## III.    Constitutional Claims Seeking Prospective Relief

Defendant argues that the FAC should be dismissed for failure to meet Rule 8's pleading requirements. [Doc. No. 24-1 at 3-5.] In response, Plaintiff argues that the allegations in the FAC are sufficient to give Defendant notice of the claims he is bringing. [Doc. No. 25 at 3-9.]

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 also requires that each allegation be "simple, concise, and direct." Among the purposes of Rule 8 is to give defendants fair notice of the claims against them. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal of a complaint for failure to comply with Rule 8 is proper where the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1995).

The only remaining claims in the FAC are Plaintiff's claims for violation of his First

1 Amendment right to free speech and violation of his Fifth Amendment right to due process for
2 prospective relief, specifically injunctive and declaratory relief.  The allegations in the FAC are
3 sufficient to give Defendant's fair notice of these claims.  It is clear from the allegations in the
4 FAC who Plaintiff is suing, what government action he seeks to challenge, what provisions of the
5 constitution he claims were violated, and how they were violated.  Although the Court
6 acknowledges that Plaintiff's FAC is at times difficult to follow, Defendant must understand that
7 allegations asserted by *pro se* plaintiffs, "however inartfully pleaded," are held "to less stringent
8 standards than formal pleadings drafted by lawyers."  <u>Haines</u>, 404 U.S. at 520.  Accordingly, the
9 Court declines to dismiss Plaintiff's constitutional claims for injunctive and declaratory relief for
10 failure to meet the pleading standard of Rule 8.

**CONCLUSION**

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.  Specifically, the Court again **DISMISSES WITH PREJUDICE** Plaintiff's constitutional claims for damages and any claim Plaintiff may be attempting to bring under the CSRA.  The Court declines to dismiss Plaintiff's causes of action for violation of his free speech rights under the First Amendment and violation of his due process rights under the Fifth Amendment to the extent Plaintiff is seeking prospective relief.

**IT IS SO ORDERED.**

**DATED:** May 21, 2012

**IRMA E. GONZALEZ**
**United States District Judge**