# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. WILBORN,<br><br>                    Plaintiff,<br><br>     v.<br><br>JANET A. NAPOLITANO, in her official capacity as Secretary, Department of Homeland Security (Customs and Border Protection), Agency,<br><br>                    Defendant. | CASE NO. 11-CV-2252-IEG (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 37] |

Presently before the Court is the motion of Defendant Janet A. Napolitano ("Defendant") to dismiss Plaintiff Harold L. Wilborn's ("Plaintiff") second amended complaint ("SAC") for lack of jurisdiction and for failure to state a claim. [Doc. No. 36.] For the reasons below, the Court **GRANTS** the motion and **DISMISSES WITH PREJUDICE** the action in its entirety.

## BACKGROUND

Plaintiff is employed by the U.S. Customs and Border Patrol law enforcement agency ("the Agency") as a Supervisory Sector Enforcement Specialist. [Doc. No. 36, SAC ¶ 15.] On June 7, 2010, the Agency imposed a 5-day suspension on Plaintiff for unprofessional conduct. [Id.] Specifically, another Supervisory Sector Enforcement Specialist alleged that Plaintiff pointed his finger at him, glared

1  angrily, and stated "Don't cross me Mark!" and "Make sure you write all of this
2  down, this has EEO all over it. You will be hearing from my lawyer and will
3  probably end up in court." [Id. ¶ 15; Ex. 3.]
4      Plaintiff filed a petition with the Merit Systems Protection Board ("MSPB"),
5  alleging that the Agency's actions violated the Uniformed Services Employment and
6  Reemployment Rights Act ("USERRA"). [Doc. No. 36, SAC Ex. 1.] The ALJ, and
7  subsequently the full Board, denied his USERRA claims. [Id.] Rather than file a
8  petition for review with the Federal Circuit, Plaintiff filed a petition for review of the
9  MSPB's decision with the Equal Employment Opportunity Commission ("EEOC").
10 [Id.] On August 25, 2011, the EEOC issued an order determining that it lacked
11 jurisdiction over Plaintiff's petition and denying the petition for review. [Id.]
12     On September 28, 2011, Plaintiff, proceeding *pro se*, filed the present action,
13 which alleged the following: (1) violations of USERRA; (2) violations of the Civil
14 Service Reform Act of 1978 ("CSRA"); (3) violations of Title VII of the Civil
15 Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-1 *et seq.*; (4) violation of
16 Plaintiff's Fifth Amendment rights to due process and equal protection; (5) violation
17 of Plaintiff's First Amendment rights; and (6) slander. [Doc. No. 1, Compl.] On
18 February 2, 2012, the Court granted Defendant's motion to dismiss Plaintiff's
19 complaint. [Doc. No. 14.] Specifically, the Court dismissed with prejudice
20 Plaintiff's causes of action for violation of the USERRA, violations of the CSRA,
21 slander, and violation of the First and Fifth Amendments to the extent Plaintiff was
22 seeking damages; dismissed without leave to amend Plaintiff's cause of action for
23 violation of Title VII; and dismissed without prejudice Plaintiff's causes of action
24 for violation of the First and Fifth Amendments to the extent Plaintiff was seeking
25 prospective relief. [Id. at 16.] The Court granted Plaintiff leave to file an amended
26 complaint. [Id.]
27     On March 2, 2012, Plaintiff filed a First Amended Complaint ("FAC")
28 alleging causes of action for (1) violation of his freedom of speech rights under the

1 First Amendment; and (2) violation of his due process rights under the Fifth
2 Amendment. [Doc. No. 24, FAC.] On May 21, 2012, the Court dismissed with
3 prejudice Plaintiff's constitutional claims for damages and any claim Plaintiff
4 attempted to bring under the CSRA. The Court declined to dismiss Plaintiff's claims
5 for violation of his First and Fifth Amendment rights for injunctive and declaratory
6 relief. [Doc. No. 29, FAC at 4-5.]

7 Plaintiff subsequently filed a SAC, attempting to allege several causes of
8 action. [Doc. No. 36, SAC.] Defendant states that Plaintiff asserts 21 claims. [Doc.
9 No. 39, Def.'s Reply at 2.] However, in actuality, many of those "claims" are
10 simply factual allegations or remedies that Plaintiff seeks. The Court construes
11 Plaintiff's SAC to assert the following causes of action: (1) various violations of his
12 First Amendment rights; (2) various violations of his Fifth Amendment rights; (3)
13 various violations of his Sixth Amendment rights; (4) various violations of his
14 Thirteenth Amendment rights; (5) various violations of his Fourteenth Amendment
15 rights; (6) violation of the Civil Rights Act of 1991; (7) violation of Executive Order
16 11478; (8) violation of the False Claims Act ("FCA"); (9) violation of 18 U.S.C. §
17 242; and (10) negligence. Plaintiff seeks monetary, injunctive, and declaratory
18 relief. [Doc. No. 36, SAC.]

## DISCUSSION

### I. Legal Standards for a Motion to Dismiss

21 A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
22 Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R.
23 Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court
24 must accept all factual allegations pled in the complaint as true, and must construe
25 them and draw all reasonable inferences from them in favor of the nonmoving party.
26 Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a
27 Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations,
28 rather, it must plead "enough facts to state a claim to relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678.

Although *pro se* complaints enjoy "the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), the rule of liberal construction "applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court also need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). Further, the Ninth Circuit has recognized that a plaintiff does not enjoy unlimited opportunities to amend his or her complaint. See McHenry v. Renne, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming district court's dismissal of the plaintiff's third amended complaint without leave to amend when it "restated the prior [complaints] without curing their deficiencies"). A court may deny leave to amend a complaint when amendment would be futile. United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).

**II.   Previously Dismissed Claims**

Plaintiff's SAC seeks both damages and equitable relief under the constitutional claims. [Doc. No. 36, SAC at 32-33.] As Defendant highlights in its

motion, the Court has already dismissed with prejudice Plaintiff's constitutional claims to the extent Plaintiff seeks damages as barred by the doctrine of sovereign immunity and precluded by the CSRA. [Doc. No. 14 at 11-12.] Although the Court's order was in the context of Plaintiff's First and Fifth Amendment claims, sovereign immunity and preclusion also apply to the new constitutional claims Plaintiff alleges in the SAC for violation of the Sixth, Fourteenth, and Thirteenth Amendments. Accordingly the Court **DISMISSES WITH PREJUDICE** Plaintiff's constitutional claims to the extent they seek monetary relief.

### III.  Constitutional Claims Seeking Equitable Relief

Plaintiff asserts numerous constitutional claims seeking equitable relief. Defendant argues that Plaintiff's constitutional claims for equitable relief should be dismissed because the CSRA's preclusive effect extends to equitable claims, in addition to claims for damages. [Doc. No. 37-1, Def.'s Mot. at 18-21.]

In a recent 2012 case, the Supreme Court held that "the CSRA precludes district court jurisdiction over petitioners' claims even though they are constitutional claims for equitable relief." Elgin v. Dep't of Treasury, 132 S. Ct. 2126, 2132 (2012). The Supreme Court noted that the CSRA does not "foreclose all judicial review of petitioners' constitutional claims, but merely directs that judicial review shall occur in the Federal Circuit." Id. at 2132-33. The Supreme Court recognized that the "MSPB [Merit Systems Protection Board] routinely adjudicates some constitutional claims, such as claims that an agency took in violation of an employee's First or Fourth Amendment rights, and that these claims must be brought within the CSRA scheme." Id. at 2134. The Supreme Court stated that the CSRA's "exclusivity does not turn on the constitutional nature of an employee's claim, but rather on the type of the employee and the challenged employment action." Id. at 2136. The Supreme Court ultimately held on the facts of Elgin that the district court lacked jurisdiction to hear the petitioners' claims because the CSRA provides the "exclusive avenue to judicial review when a qualifying employee challenges an

adverse employment action by arguing that a federal statute is unconstitutional." Id. at 2130.

Furthermore, the Ninth Circuit, even prior to Elgin has stated that the "CSRA precludes [a plaintiff] from seeking injunctive relief for his asserted constitutional injury just as it precludes him from bringing a *Bivens* action for damages." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("The CSRA's elaborate remedies show that judicial interference in federal employment is disfavored, whether the employee requests damages or injunctive relief.").[1]

In light of Supreme Court and Ninth Circuit precedent, the CSRA precludes this Court's jurisdiction over Plaintiff's constitutional claims which seek equitable relief. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's constitutional claims to the extent they seek equitable relief.

### IV. Claim Based on Civil Rights Act of 1991

Plaintiff attempts to bring a claim under the Civil Rights Act of 1991. [Doc. No. 36, SAC ¶ 48.] The Court previously dismissed Plaintiff's claim for violations of Title VII without leave to amend for lack of jurisdiction as Plaintiff did not exhaust his administrative remedies. [Doc. No. 14 at 10-11.] Defendant argues that Plaintiff's claim under the Civil Rights Act of 1991 is an "impermissible attempt[] to bypass the Court's Order dismissing [Plaintiff's] Title VII claim . . . ." [Doc. No. 37-1, Def.'s Mot. at 15.]

The Civil Rights Act of 1991 amends Title VII. See Desert Palace, Inc. v. Costa, 539 U.S. 90, 92 (2003). The provision requiring that plaintiff must first exhaust his or her administrative remedies before bringing a claim under Title VII remains in effect. See Sommatino v. United States, 255 F.3d 704, 707-08 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). Accordingly, for the same reasons that the

---

[1] American Fed. of Govt. Employees Local 1 v. Stone, 502 F.3d 1027 (9th Cir. 2007), where the Ninth Circuit held that the district court did not lack jurisdiction over the plaintiffs's constitutional claims, is distinguishable from Saul, Elgin, and the case at hand because in Stone, the employees were not covered by the CSRA and had "no administrative recourse." Id. at 1031.

Court previously dismissed Plaintiff's claim for violation of Title VII for lack of jurisdiction, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim under the Civil Rights Act of 1991.

### V.     Claim Based on Executive Order 11478

Plaintiff asserts a claim based on Executive Order 11478. [Doc. No. 36, SAC ¶ 49.]   However, Plaintiff makes no arguments regarding whether Executive Order 11478 confers a private right of action.  In fact, Executive Order 11478 was later amended to include § 11, which expressly states that "[t]his Executive Order does not confer any right or benefit enforceable in law or equity against the United States or its representatives."  Amendment to Executive Order 11478, Equal Employment Opportunity in Federal Government, 65 FR 26115 (2000).  Other courts, analyzing the language of Executive Order 11478, have found that it does not create a judicially enforceable private right of action.  See, e.g., Weise v. Syracuse Univ., 522 F.2d 397, 411 n.23 (2d Cir. 1975); Centola v. Potter, 183 F.Supp.2d 403, 413 (D. Mass. 2002).  In light of the language of § 11, the Court finds that Executive Order 11478 does not confer a private right of action.  Accordingly, Plaintiff's claims under Executive Order 11478 are **DISMISSED WITH PREJUDICE**.

### VI.    Claim Based on False Claims Act

Plaintiff attempts to assert a claim under the False Claims Act. [Doc. No. 36, SAC ¶¶ 91, 105.]   The False Claims Act provides penalties for one who "knowingly presents . . . a false or fraudulent claim" to the government.  31 U.S.C. § 3729(a); see also Wang v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).  Under the False Claims Act, "a person who present(s) or cause(s) to be presented a claim against the United States, knowing such claim to be false, fictitious, or fraudulent is subject to civil liability . . . ."  United States v. Ehrlich, 643 F.2d 634, 637 (9th Cir. 1981).  In the present action, Plaintiff attempts to sue Defendant Napolitano in her official capacity, and not someone who has presented a false, fictitious, or fraudulent claim against the United States.  Therefore, the False Claims Act is inapplicable.

1  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims made
2  under the False Claims Act.

### VII. 18 U.S.C. § 242

Plaintiff attempts to bring a claim under 18 U.S.C. § 242.  [Doc. No. 31, SAC ¶ 69.]  However, 18 U.S.C. § 242 is a criminal statute, and therefore does not give rise to civil liability.  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  Therefore, the Court **DISMISSES WITH PREJUDICE** any claims that Plaintiff attempts to bring under 18 U.S.C. § 242.

### VIII. Negligence

Plaintiff also attempts to bring a negligence claim asserting that Defendant breached a duty of care owed to Plaintiff.  [Doc. No. 36, SAC ¶ 79.]  Plaintiff states that Defendant did not "free[] the Plaintiff from prejudice or discrimination" "[i]n accordance with the applicable anti-discrimination statutes, executive orders, and other authorities."  [Id.]

"Regarding the elements of a cause of action for negligent injury to person or property, the complaint must allege (1) defendant's legal duty of care toward plaintiff; . . . (2) defendant's breach of duty-the negligent act or omission; . . . (3) injury to plaintiff as a result of the breach-proximate or legal cause; . . . [and] (4) damage to plaintiff . . . ."  Rosales v. Stewart, 113 Cal. App. 3d 130, 133 (1980) (citing 3 Witkin, Cal. Procedure, Pleading, § 450, p. 2103 (2d ed. 1971)) (internal quotation omitted).

First, Plaintiff has not made a showing that Defendant has waived its sovereign immunity.  The United States can be sued only to the extent that it has waived its sovereign immunity.  Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).  Sovereign immunity applies to officers and employees of the United States who are sued in their official capacity.  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  "A waiver of the government's sovereign immunity cannot be implied but must be unequivocally expressed."  Cato, 70 F.3d at 1107.  "The burden

1 is on the plaintiff to make such a showing." Id.  Here, Plaintiff has made no such
2 showing.

3      Even if Plaintiff was to make a showing that Defendant has waived its
4 sovereign immunity, Plaintiff has not sufficiently plead that Defendant owed him a
5 legal duty of care to "free [him] from prejudice or discrimination." [Doc. No. 36,
6 SAC ¶ 79.]  In fact, the Court's review of California tort law finds no indication that
7 it recognizes a duty of care giving rise to an action of negligence that the federal
8 government to protect individuals from discrimination.  Accordingly, the Court
9 **DISMISSES WITH PREJUDICE** Plaintiff's negligence claim.

## CONCLUSION

11      For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE**:  (1)
12 all constitutional claims to the extent they seek both monetary and equitable
13 damages; (2) any claims based on the Civil Rights Act of 1991; (3) any claims based
14 on Executive Order 11478; (4) any claims based on the False Claims Act; (5) any
15 claims based on 18 U.S.C. § 242; (6) the negligence claim.  As the Court has
16 dismissed all of Plaintiff's claims with prejudice, the action is **DISMISSED WITH**
17 **PREJUDICE** in its entirety.  The Court will not entertain any further amended
18 complicated complaints.  The clerk is directed to close the case.

19    **IT IS SO ORDERED.**
20 **DATED:** March 25, 2013

                                     _____
21                                      **IRMA E. GONZALEZ**
                                     **United States District Judge**